UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| ELAINE L. CHAO,<br>Secretary of Labor,<br>United States Department of Labor, | )<br>)<br>) | FILE NO. |
| | ) | 3:05-cv-852-J-16HTS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE SEARCH ALLIANCE, INC.;<br>and THOMAS A. BYRNES, | )<br>) | |
| | ) | |
| Defendants. | ) | |

## SETTLEMENT AGREEMENT AND CONSENT ORDER

Plaintiff Elaine L. Chao, Secretary of Labor, U. S. Department of Labor ("the Secretary"), pursuant to her authority under § 502(a)(2) and (5) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(2) and (5), has filed a Complaint against Defendants The Search Alliance, Inc. (S.A.) and Thomas Byrnes ("Byrnes"). The Secretary and Defendants have negotiated an agreement to settle all claims and issues between them in this action and represent to the Court that this Settlement Agreement and Consent Order ("Order") is the sole and complete memorialization of that agreement.

1. Defendants are fiduciaries to the Search Alliance, Inc. Profit Sharing Plan (the "Plan") and made or caused to be made loans from the Plan to parties in interest in violation of ERISA.

2. Defendants have corrected all such transactions by making full restitution to the Plan in the amount of $141,638.38.

3. Defendants agree that they shall do whatever is necessary to terminate the Plan as soon as possible, but in any event within six months of this Order being entered.

4. Defendants hereby admit to the jurisdiction of the Court over them and over the subject matter of this action. Defendants admit that this Court has the authority to enforce this Order and that this Court is the most appropriate venue for any enforcement action which may be required as a result of this Order.

5. This Order represents a complete settlement of all the Secretary's claims against Defendants as set forth in the Complaint filed contemporaneously herewith, except for the Secretary's imposition of any penalty pursuant to Section 502(l) of ERISA, 29 U.S.C. § 1132(l), and any proceedings related thereto.

6. Defendant expressly waives any and all claims of whatsoever nature that he has or may have against the Secretary, or any of her officers, agents, employees, or representatives, arising out of or in connection with the filing, prosecution, and maintenance of this civil action or any other proceeding and investigation incident thereto.

7. This Order is not binding upon any government agency other than the U.S. Department of Labor and only resolves claims arising out of this action as between the Secretary and Defendants.

8. The Secretary and Defendants expressly waive Findings of Fact and Conclusions of Law and consent to the entry of this Order as a full and complete resolution of all claims and issues which were, or might have been alleged in this action without trial or adjudication of any issue of fact or law raised in the Complaint.

Accordingly, it is **ORDERED, ADJUDGED AND DECREED** that:

1. The Court has jurisdiction over the parties to this Order and the subject matter of this action and is empowered to provide the relief herein.

2. Defendant Byrnes is hereby permanently enjoined:

   a. From serving or acting, directly or indirectly, for compensation or otherwise, as a trustee, fiduciary, service provider, agent, consultant, or representative with respect to any employee benefit plan subject to ERISA, except for six months from the date that this Court enters this order he may perform those actions necessary for the termination and distribution of the assets of the Plan;

   b. From occupying any position that involves, directly or indirectly, decision-making authority with respect to, or

3

custody or control of, the assets or administration of any employee benefit plan subject to ERISA, except for such positions as necessary for the termination and distribution of the assets of the Plan; and

      c. From participating in any fiduciary breach of Title I of ERISA.

3. In the event that the Plan is not terminated within six months of entry of this Order, he shall be removed as trustee and fiduciary on Plaintiff's motion to the Court. Should the Plaintiff move the Court to remove Defendant, the Plaintiff shall recommend a successor fiduciary who shall be appointed by the Court upon the Plaintiff's motion.

4. In the event a successor trustee is appointed, Defendant shall pay any and all reasonable costs and fees associated with the appointment and services provided by the successor trustee.

5. This Consent Judgment resolves all claims of Plaintiff's Complaint with the following exceptions:

      a.  This Judgment does not adjudicate or otherwise affect any potential civil money penalties that may be assessed under Section 502 (1) of the Act.

      b.  This Judgment does not affect or bind any governmental agency other than the United States Department of Labor.

4

c. This Court retains jurisdiction for purposes of enforcing compliance with the terms of this Consent Order and Judgment.

6. Each party shall bear its own attorney's fees, expenses, and costs incurred in connection with any stage of this case, including, but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

7. The Court, finding that there is no just reason to delay the entry of this Order, expressly directs the entry thereof as a final order, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

SO ORDERED this 27 day of April, 2006.

_____
JOHN H. MOORE II
UNITED STATES DISTRICT JUDGE


Defendants consent to entry
of the foregoing Consent Order:

_____
THOMAS BYRNES
Individually


THE SEARCH ALLIANCE, INC.

By: _____
THOMAS BYRNES
President

Plaintiff moves for entry of
the foregoing Consent Order:


HOWARD M. RADZELY
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

THOMAS C. SHANAHAN
ERISA Counsel

By: _____
DANE L. STEFFENSON
Attorney

5

31 South 4th Street
Fernandina Beach, FL 32034

904-277-2535
904-277-7924 (facsimile)

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.,
Room 7T10
Atlanta, GA 30303
404/562-2067, Ext. 434
404/562-2073 (facsimile)