UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELAINE L. CHAO, Secretary of Labor,
U.S. Department of Labor,

       Plaintiff,

v.                                  CASE NO. 3:05-cv-852-J-16HTS

THE SEARCH ALLIANCE, INC., and
THOMAS A. BYRNES,

       Defendants.
_____/

ORDER

    Plaintiff Elaine L. Chao, Secretary of the United States Department of Labor (the "Secretary"), having moved for the removal of Defendants the Search Alliance and Thomas Byrnes ("Defendants") as fiduciaries to The Search Alliance Employees Retirement Plan (the "Plan) and the appointment of an Independent Fiduciary of the Plan, and Plaintiff through her counsel, having appeared in open Court by notice served on all parties,
IT IS HEREBY ORDERED THAT:

    1.    This Court has jurisdiction over the Plan pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq. ("Act"), as the Plan is an "employee benefit plan," within the meaning of Section 3(3) of the Act.

    2    Defendants Byrnes and The Search Alliance are removed, as of the date of entry of this Order, from any positions they

may currently hold with respect to the Plan, and are enjoined from exercising, or attempting to exercise, directly or indirectly, any discretionary authority or control with respect to the management or administration of the Plan. Neither Defendants nor entity wholly or partially owned or controlled by Defendants who receive actual notice of this Order may serve or continue to serve as service provider, fiduciary, or administrator to the Plan without authority of this Court or the Independent Fiduciary.

3. Within seven (7) calendar days from the entry of this Order, Defendants shall identify any service providers, fiduciaries and administrators (by name, address, telephone number and relationship) for the Plan to the Independent Fiduciary, Secretary's Counsel and the Court.

4. Defendants, their officers, directors, fiduciaries, agents, employees, service providers, depositories, banks, accountants, attorneys, investment managers, and any other party acting in concert with or at the direction of any of said Defendants shall be and hereby are enjoined from expending, transferring, encumbering, hypothecating, secreting or otherwise disposing of any of the Plan's assets, except as ordered by this Court or the Independent Fiduciary.

5. M. Larry Lefoldt is hereby appointed and shall serve as the Independent Fiduciary of the Plan with plenary authority to administer the Plan and to implement its orderly termination. The Independent Fiduciary shall collect, marshal, and administer the assets of the Plan, including any known sums owing and payable to it. The Independent Fiduciary shall exercise full authority and control with respect to the management or disposition of the Plan and its assets, including, but not limited to, authority over all bank or trust accounts containing Plan assets. The Independent Fiduciary shall be under no obligation to continue to employ or pay any employees or service providers of the Plan.

6. The Independent Fiduciary shall have all the rights, duties, and responsibilities of any fiduciary or trustee described under the Plan documents and applicable law, and is specifically vested with the right to terminate the Plan, marshal the assets of the Plan, and distribute the assets of the Plan without seeking further order from this Court. The Independent Fiduciary shall cooperate with the Department of Labor in any investigation it pursues with respect to the Plan.

7. The Independent Fiduciary may, in his sole discretion, determine that the Plan should be terminated, in which case the Independent Fiduciary shall terminate the Plan, marshal the

assets of the Plan, and implement an orderly Plan termination and liquidation at such time and in such manner as he shall determine. The Independent Fiduciary is authorized to pursue all legitimate claims the Plan may have, which, in his judgment, are likely to result in a meaningful recovery of assets to pay participant claims or costs of administration. Likewise, he is not required to pursue any claim that, in his judgment, is not likely to result in any meaningful recovery of assets.

8. The Independent Fiduciary, in the performance of his duties, may retain such assistance as he may require, including attorneys, accountants, actuaries and other service providers.

9. The Independent Fiduciary may not be held personally responsible for any claims against the Plan by any related entities if such claims existed, arose, matured or vested prior to the appointment of the Independent Fiduciary.

10. The Independent Fiduciary shall be entitled to receive reasonable fees and expenses for his services, payable from the assets of the Plan. Defendants shall be responsible for reimbursing the Plan for the Independent Fiduciary's reasonable fees and expenses with respect to services performed for the Plan. Prior to obtaining payment for services and expenses authorized pursuant to this Order, the Independent Fiduciary shall present to the Court an itemized fee application,

including hourly rates of pay and dates and hours of work, accompanied by a description of work performed, as well as an itemized statement of expenses. The Independent Fiduciary shall provide to the parties a copy of said fee application when it is filed with the Court. Absent objection from the Secretary within 15 business days, the fee application shall be deemed approved. If a party objects, the Court will decide whether the Independent Fiduciary's request should be granted.

11. If no party or the Court objects within 15 days of service of any invoice, full payment of such invoice shall be made by Defendants to the Plan, and received by the successor fiduciary, not later than the 16th day following the date of the invoice. Interest shall accrue on any past due amount at the rate of 18% per annum, compounded daily. Byrnes shall be responsible for all costs, including reasonable attorneys' fees and expenses, incurred by the successor fiduciary and/or the Plan in the course of collecting such past due amounts. If any party or the Court objects to any payment, the matter should be resolved by the Court prior to payment.

12. The Independent Fiduciary is required to maintain a bond pursuant to ERISA § 412, 29 U.S.C. § 1112. Since the beneficiary of the bond is to be the Plan, the Plan may pay for the cost of the bond. This provision may be satisfied by the

Independent Fiduciary securing coverage for himself under any bond currently in force with respect to the Plan, provided that the bond satisfies the provisions of ERISA.

13. Byrnes is to provide, within seven (7) calendar days from the entry of this Order, this Court, the Secretary's Counsel, and the Independent Fiduciary M. Larry Lefoldt with all information pertaining to the location and identification of the Plan's assets, all bank accounts, trust accounts, and information pertaining to the location and identification of any other accounts holding the assets of the Plan.

14. Byrnes and his agents, employees, service providers, depositories, banks, accountants, attorneys, and any other person or entity with actual notice of this Order and acting in concert with or at the direction of any Trustee, are enjoined to preserve and secure all books, records, and documents which relate to the administration of the Plan and its assets and to comply in good faith with the terms of this Order.

15. Byrnes is enjoined from coercing, intimidating, interfering with or attempting to coerce, intimidate, or interfere with the Independent Fiduciary or with the agents, employees or representatives of the Independent Fiduciary and are ordered to cooperate fully with the Independent Fiduciary or his successors, agents, employees or representatives.

16. Byrnes and his agents and representatives are to deliver or otherwise make available to the Independent Fiduciary all books, records, bank accounts, trust accounts, and documents of every nature relating in any manner to the management and operation of the Plan. Such items shall be delivered within seven (7) days from the entry of this Order, to:

> Mr. Larry Lefoldt
> Lefoldt & Co., P.A.
> Ridgeland, Mississippi 39157
> Phone: (610) 956-2374
> Fax: (601) 956-9232

17. The court waives the requirement for posting of security as required in Fed.R.Civ.P.65(c).

18. The Court retains jurisdiction over the parties to this order as may be necessary for enforcement of this Order.

**DONE AND ORDERED** in Chambers at Jacksonville, Florida this 26th day of January 2007. *at 3:15 P.M.*

*/s/ John H. Moore*
John H. Moore
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record